IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE L. JOHNSON,
      Petitioner,

vs.                           Case No.:  4:17cv93/WS/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed an answer and relevant portions of the state court record (ECF No. 21).  The court provided Petitioner an opportunity to file a reply (*see* ECF No. 22), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the

opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 21).[1]  Following a jury trial in the Circuit Court in and for Leon County, Florida, Case No. 2002-CF-1065, Petitioner was found guilty of one count of sexual battery (*see* ECF No. 1 at 1–2; ECF No. 21, Ex. A at 40).  On January 23, 2003, Petitioner was sentenced as a prison releasee reoffender to fifteen (15) years in prison with 298 days of jail credit (*see id.*).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D03-401 (*see* ECF No. 1 at 2; ECF No. 21, Ex. C).  Petitioner filed a motion of voluntary dismissal, and the First DCA granted the motion and dismissed the appeal on December 29, 2003 (*see* ECF No. 21, Ex. C).  From 2013 to 2016, Petitioner made several attempts to reinstate the direct appeal, but all of them were unsuccessful (*see id.*).

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF No. 21).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

From 2004 to 2015, Petitioner filed several applications for post-conviction relief in the state courts, but none of them were successful (*see* ECF No. 21, Ex. A at 40–43).  As relevant to this case, Petitioner filed a "Motion for Post Conviction Relief under Newly Discovered Evidence," pursuant to Rule 3.850(b)(1), in the state circuit court on July 14, 2016 (*id.* at 3–11).  The state circuit court summarily denied the motion in an order rendered September 29, 2016 (*id.* at 40–44).  Petitioner appealed the decision to the First DCA, Case No. 1D16-5618 (Ex. D).  The First DCA affirmed the lower court's decision per curiam without written opinion on February 8, 2017 (Ex. F).  <u>Johnson v. State</u>, 229 So. 3d 1225 (Fla. 1st DCA 2017) (Table).  The mandate issued March 7, 2017 (Ex. G).

Petitioner filed the instant federal habeas action on February 16, 2017 (ECF No. 1).  On May 5, 2017, Petitioner notified the court that he had been released from incarceration (*see* ECF No. 8).

II.    PETITIONER'S CLAIM

> <u>Ground One:</u>  "Deprivation of Petitioner's due process rights where the state court denied Petitioner an evidentiary hearing regarding newly discovered evidence based on alibi witness who corroborates Petitioner's whereabouts at the time of the alleged sexual battery establishing Petitioner's actual innocence."

Petitioner alleges the victim accused him of driving to her home in a green

Mazda (which was owned by Ms. Gibbons, Petitioner's then-girlfriend) and sexually

assaulting her at 12:00 p.m. on March 21, 2002 (ECF No. 1 at 6a).  Petitioner alleges

he was questioned by a Investigator Lisa Johnson on March 27, 2002, and during the

interrogation, the detective lied and told him that Ms. Gibbons told her (Detective

Johnson) that she allowed Petitioner to use her car on the day of the assault (*id.* at 6a,

6d–6h).  Petitioner contends this falsity rendered his confession involuntary and

coerced (*id.* at 6g).  Petitioner alleges that on July 5, 2016, Ms. Gibbons provided him

an affidavit, in which she stated the following:

> In March of 2002 George L. Johnson and I resided at 1734 Hartsfield Rd
> Apt C, Tallahassee, FL 32304 together.  George and I were in a romantic
> relationship at this time and engaged to be married.  To my knowledge
> on the day in question March 21, 2002 George was present at the plasma
> bank and he arrived by the city bus.  I had morning classes and then
> worked that afternoon.  I received a call from him [at] approximately
> 11:00 or 11:30 a.m. while I was leaving class.  He asked me to bring him
> something to eat at the plasma bank since the intake nurse told him that
> he could not leave and if he did he would not be able to donate that day.
> So I took him something to eat at the plasma bank, and left there around
> 1:00 or 1:30pm because I needed to be at my job which at the time was
> located on Timberlane and Thomasville Rd.  To my understanding
> George was at the plasma bank until somewhere around 3 pm and then
> took the city bus back home.  Before his arrest I started getting private
> calls on the house phone where someone would call and then hang up.
> At this time I did not who [sic] it was.  On the day of his arrest I got a
> call from a young lady named [ ] who asked to speak with Lorenzo
> Brown.  I told her that there was no one who lived here by that name.  I

told her that the only person here was my boyfriend George. [ ] got angry and disconnected the call. When the police arrived to our home early in the morning no information was given as to why they wanted him to come down for questioning. I knew that he was on probation so I figured that it was due to his probation terms. I did go up to the police department to inquire about George being arrested but I was told that they could not release information to me. After I left the station that day I was never contacted at any point by anyone from the police department. A few weeks later I had found out that I was pregnant from Mr. Johnson, and without really knowing exactly what was going on I went into a state of depression, I lost the apartment, and I miscarried. This all seemed too overwhelming to deal with and so I left Tallahassee and returned home to my family in South Florida. I recently looked him up in the Florida Department of Correction [sic] Website and I decided to reach out to him. We began to write back and forth with each other and this is where I learned his reasons for incarceration.

(*see* ECF No. 1 at 6b; ECF No. 21, Ex. A at 35).

Petitioner contends this "newly discovered evidence" establishes an alibi defense to the sexual battery and proves his actual innocence (*see* ECF No. 1 at 6d, 6f). He states he presented the "newly discovered evidence" claim to the state courts in his Rule 3.850(b)(1) motion, filed on July 14, 2016 (*id.* at 6b–6c). Petitioner alleges he informed the state court that he could not have discovered the new evidence sooner, because Ms. Gibbons "disappeared from his life," and he had no way of knowing where she was or how to contact her (*id.* at 6c). Petitioner alleges the state court deprived him of due process by summarily denying the claim without an evidentiary hearing (*id.* at 6c–6j). Petitioner contends he sufficiently pled and

established that the newly discovered evidence would produce an acquittal on retrial, as required under Florida law, and the state court record did not refute his claim (*id.*). Petitioner contends he is entitled to an evidentiary hearing in federal court, pursuant to <u>Townsend v. Sain</u>, 372 U.S. 313, 317 (1963) (*id.* at 6h–6i).

Respondent contends Petitioner did not present this claim as federal in nature to the state courts, and instead argued only a violation of state law and procedure (ECF No. 21 at 5). Respondent contends notwithstanding the procedural default, Petitioner is not entitled to relief for several reasons (*id.* at 8–10). First, Petitioner does not allege a deprivation of his constitutional rights, save for a passing reference to "due process," and he instead argues that the state court's denial of his claim was insufficient under Florida law (*id.*). Second, the state court's rejection of Petitioner's "newly discovered evidence" claim was not based upon unreasonable factual findings; and Petitioner has identified no clearly established federal law to which the state's court's adjudication was contrary, or of which it was an unreasonable application (*id.*).

The function of federal habeas corpus is to redress constitutional errors, not to relitigate state criminal cases. *See* <u>Herrera v. Collins</u>, 506 U.S. 390, 401, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). Consequently, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas

relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  506 U.S. at 400; *see also* Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007) (explaining, after declining to consider freestanding claim of actual innocence because it did not fall within certificate of appealability order, "our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases"); Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002) (citing Herrera) ("It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.").

With respect to Petitioner's claim that the state court deprived him of due process by summarily denying his "newly discovered evidence" claim without an evidentiary hearing, it is well established that due process violations that allegedly occur during state proceedings collateral to the revocation proceeding do not form the basis of habeas relief.  *See* Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365–66 (11th Cir. 2009); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004).  A decision in a state collateral proceeding is not a criminal judgment, or executive agency equivalent, that resulted in the prisoner's detention.  *See* Carroll, 574 F.3d at 1365 ("[A] challenge to a state collateral proceeding does not undermine the legality of the

detention or imprisonment—i.e., the conviction itself . . . .").  Collateral proceedings are instead "civil in nature and are not part of the criminal proceeding itself." <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 556–57, 107 S. Ct. 1990, 1994, 95 L.Ed. 2d 539 (1987).

Therefore, procedural violations during state collateral proceedings are "issues unrelated to the cause of the petitioner's detention."  <u>Spradley v. Dugger</u>, 825 F.2d 1566, 1568 (11th Cir. 1987).  As such, they cannot form the basis for habeas relief. *See* <u>Carroll</u>, 574 F.3d at 1365 (holding that a failure to hold an evidentiary hearing in a state post-conviction proceeding was not a basis for habeas relief); *see also* <u>In re Rutherford</u>, 437 F.3d 1125, 1127 (11th Cir. 2006) (finding insufficient for habeas relief the petitioner's claim that the state post-conviction court denied him due process by failing to provide mental health records of a person the petitioner alleged had actually committed the crime); <u>Quince</u>, 360 F.3d at 1262 (rejecting federal habeas petition which alleged that the state judge presiding over the petitioner's post-conviction hearing denied the petitioner due process by not recusing himself, because the claim did not relate to the petitioner's conviction).

Because neither of the arguments presented in Petitioner's § 2254 petition (i.e., that he is actually innocent based upon "newly discovered evidence," and that the state

post-conviction court violated his due process challenge by failing to hold an evidentiary hearing on his "newly discovered evidence" claim) presents a cognizable basis for federal habeas relief, his § 2254 petition should be denied.

## III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  Buck v. Davis, 580 U.S.—, 137 S. Ct.

773 (2017) (citing <u>Miller-El</u>, 537 U.S. at 327).  Here, Petitioner cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>16</u><sup>th</sup> day of May 2018.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**